**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CLAYTON B. SWANNER,

    *Petitioner*,

vs.

MICHAEL NELSON, et al.,

    *Respondents.*

Case No. 06-3212-EFM

**MEMORANDUM AND ORDER**

    This matter is before the court on Petitioner Clayton B. Swanner's (Petitioner) Motion for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which seeks to have his state conviction overturned. Petitioner argues his state conviction is unconstitutional because he received ineffective assistance of counsel (Doc. 1). Having carefully reviewed the arguments of the parties, the Court DENIES the motion.

**I.  Jurisdiction**

    The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 1331.

**II.  Procedural Background**

    Petitioner was convicted by a jury on April 16, 1999, in the District Court of Sumner County, Kansas, of two counts of aggravated criminal sodomy, one count of aggravated battery, and one count of criminal threat. He was sentenced to a total period of 444 months imprisonment. On direct

appeal, the Kansas Court of Appeals affirmed Petitioner's aggravated criminal sodomy and criminal threat convictions, but reversed his aggravated battery conviction.[1] The Kansas Supreme Court denied Petitioner's request for review.

Pursuant to K.S.A. § 60-1507, Petitioner filed a motion for post-conviction relief in the District Court of Sumner County alleging many issues, including ineffective assistance of counsel. Upon denial of his state habeas motion, Petitioner filed an appeal with the Kansas Court of Appeals, only raising the issue that he received ineffective assistance of counsel.[2] The Kansas Court of Appeals affirmed the trial court's denial of relief on Petitioner's motion, and the Kansas Supreme Court denied review.[3] Petitioner subsequently filed for federal habeas corpus relief with this court in which he alleges ineffective assistance of counsel due to an actual conflict of interest created from a pending disciplinary proceeding.[4]

### III. Factual Background

Petitioner's convictions were based on his instigation and participation in crimes against

---

[1] *State v. Swanner*, No. 83710, (Kan. Ct. App. Dec. 8, 2000) (Unpublished Opinion). The State dismissed the remanded aggravated battery charge on May 3, 2001.

[2] It is noted that the trial court, at Petitioner's request, held a hearing nearly two years after the 60-1507 hearing, but before his appeal to the Kansas Court of Appeals, for the limited purpose of supplementing the record with certain physical exhibits. Petitioner made no request for reconsideration of the trial court's previous denial of his habeas motion. The exhibits were admitted not for the truth of the matter asserted, but only to demonstrate that the documents were in existence at the time of the 60-1507 hearing. In addition, the trial court clarified that the hearing was not for consideration of any further testimony of Petitioner's trial counsel made in addition to or different from testimony presented during the 60-1507 hearing. Accordingly, as with the Kansas Court of Appeals, this Court will not consider the testimony from trial counsel from the subsequent hearing and will consider the admitted exhibits only in that each existed at the time of trial but not for the truth of the matter asserted therein.

[3] *Swanner v. Nelson*, No. 91416, 2005 WL 1661297 (Kan. Ct. App. July15, 2005), *rev. denied* (2005) (Unpublished Opinion).

[4] In his Petition for relief, Petitioner only claimed and briefed ineffective assistance of trial counsel (Doc. 1). Any other claim raised in the state habeas proceeding will not be addressed. *See O'Connor v. City & County of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990); *see also U.S. v. Lawrence*, No. 97-5209, 1998 WL 440469, at *1 n.1 (10th Cir. July 17, 1998) (Unpublished Opinion) (issues not raised in supporting brief are abandoned and will not be considered).

another inmate while a prisoner in the Sumner County jail over the weekend of April 11-12, 1998. Prior to trial, Petitioner's trial counsel, Mr. Charles Watson (Mr. Watson), interviewed a number of individuals being held in the Sumner County Jail that had been convicted of crimes but were awaiting sentencing. Mr. Watson documented the interviews through handwritten notes, and at the end of the interviews, reviewed his notes with each interviewee and obtained their signature. According to Mr. Watson, after the prosecution questioned Mr. Watson on this practice, he contacted the disciplinary administrator's office and was advised that his actions violated Kansas Rule of Professional Conduct 4.2, which prohibits contact with represented persons. Mr. Watson then contacted the prosecution to advise of the conversation with the disciplinary administrator, at which point the prosecutor pointed out to Mr. Watson that Mr. Watson had also interviewed witnesses in a prior matter (Bryant case) without counsel present. A joint telephone call ensued between the prosecutor, Mr. Watson, and the disciplinary administrator, where the prosecutor provided a hypothetical scenario of the Bryant case situation. The disciplinary administrator's office confirmed that the Bryant scenario violated rule 4.2, after which Mr. Watson identified himself as the attorney conducting those interviews. According to the prosecutor, Mr. Watson was advised by the disciplinary administrator's office to self-report.

After Mr. Watson failed to self-report, the prosecutor reported approximately 4-5 weeks prior to Petitioner's trial what had occurred in the Bryant case. According to the prosecutor, Petitioner's case was not mentioned in the report.

Petitioner contends that this disciplinary complaint, pending during his trial, adversely affected his counsel's performance in representing his interests.

**IV. Exhaustion**

Prior to ruling on the merits of a petitioner's claims, the Court must first determine if Petitioner exhausted claims at the state level. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack."[5] The exhaustion requirement is satisfied when a federal claim has been "fairly presented to the state courts" to the extent that the state courts had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[6] "'Fair representation' means that the petitioner has raised the 'substance' of the federal claim in state court," not that the petitioner cited "book and verse of the federal constitution."[7]

In the instant case, Petitioner filed a state habeas corpus motion, raising the same ineffective assistance of counsel issue as raised in his federal habeas motion. The state district court denied the motion after holding an evidentiary hearing, and the Kansas Court of Appeals affirmed.

Petitioner now raises the same issue in his habeas motion and memorandum before this court. He has exhausted his claims at the state level.

## V. Standard of Review

This court's consideration of collateral attacks on state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[8] Pursuant to the deferential standard set forth by the AEDPA, a federal habeas court may grant relief to a petitioner's claim that has been decided on the merits in state court if the state court decision: (1) was "contrary to, or involved an unreasonable application of, clearly established federal

---

[5] *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); 28 U.S.C. § 2254.

[6] *Picard v. Connor*, 404 U.S. 270, 275 (1971).

[7] *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

[8] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003).

-4-

law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[9]

A state court decision is "contrary to" Supreme Court precedent when: (1) "the state court applies a rule that contradicts the governing law set forth in [a United States Supreme Court] case"; or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."[10]  A state court's decision is an "unreasonable application" of Supreme Court precedent if "the state court identifies the correct governing legal principle from Supreme Court's decisions but unreasonably applies that principle to the facts of a prisoner's case."[11]  Thus, "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.[12]  In addition, we presume the state court's factual determinations are correct and the petitioner bears the burden to rebut the presumption by clear and convincing evidence.[13]

### III.  Analysis

---

[9] 28 U.S.C. § 2254(d)(1) & (2); *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

[10] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

[11] *Williams*, 529 U.S. at 413.

[12] *Id.* at 411; *see also Thomas v. Gibson*, 218 F.3d 1213, 1219-20 (10th Cir. 2000) (discussing *Williams*).

[13] 28 U.S.C. § 2254(e)(1); *Fields v. Gibson*, 227 F.3d 1203, 1221 (10th Cir. 2002).

Petitioner argues ineffective assistance of counsel due to a complaint of attorney misconduct pending against his attorney during trial that caused his attorney to protect his own personal interests rather than zealously represent Petitioner's interests.

The Kansas Court of Appeals conducted an extensive analysis to determine the proper standard for evaluating Petitioner's ineffective assistance of counsel claim, including whether an "actual conflict" existed between Petitioner and his attorney. The court concluded that *Strickland v. Washington*[14] was the proper standard to apply rather than the more strict *Cuyler v. Sullivan*.[15] The Court of Appeals also found that while a conflict of interest may have existed under the Code of Professional Responsibility, no "actual conflict" existed to trigger the *Cuyler* standard.[16] Petitioner argues to this Court, as he did with the Kansas Court of Appeals, that the *Cuyler* standard for evaluating conflicts of interest affecting attorney performance applies rather than the general test for evaluating the effect of the outcome of the case under *Strickland*. This Court, however, agrees with the Kansas Court of Appeal's analysis and conclusion that *Strickland* is the proper standard regarding Petitioner's ineffective assistance of counsel claim, and that for Sixth Amendment purposes, no "actual conflict" existed.

*Cuyler* was a case involving multiple representation, where two privately retained attorneys represented one defendant at trial while also representing two other defendants criminally charged from the same incident but tried separately. In reviewing the defendant's ineffective assistance of

---

[14] 466 U.S. 668 (1984).

[15] 446 U.S. 335 (1980). The Kansas Court of Appeal's decision affirmed the District Court of Sumner County's use of *Strickland* in its decision of Petitioner's state habeas proceeding under K.S.A. § 60-1507. *See Swanner*, 2005 WL 1661297 at *6.

[16] An actual conflict of interest for Sixth Amendment purposes is "a conflict of interest that adversely affects performance." *Mickens v. Taylor*, 535 U.S. 162, 172 (2002); *Strickland*, 466 U.S. at 692; *Cuyler*, 446 U.S. at 348.

-6-

counsel claim, the Supreme Court determined that prejudice would be presumed only upon the defendant showing: (1) that counsel "*actively represented* conflicting interests," as opposed to merely potential or hypothetical conflicts; and (2) that an "actual conflict of interest affected his lawyer's performance."[17]  Reviewing the Supreme Court's analysis in *Cuyler*, however, clearly demonstrates that its holding resulted from an evaluation of facts and supporting cases in the context of multiple representation.  The Supreme Court has yet to extend the *Cuyler* standard to cases beyond that context.[18]

*Strickland* is a case dealing with ineffective assistance of counsel generally.  *Strickland* concerned a defendant that raised claims of ineffective assistance of counsel based on allegations of specific errors committed by his counsel - "claims which, by their very nature, require courts to evaluate both the attorney's performance and the effect of that performance on the reliability and fairness of the proceeding."[19]  *Strickland* holds that a defendant must affirmatively demonstrate that an error by counsel actually effected the outcome of the case, not merely that counsel erred, even if the error was professionally unreasonable.[20]  A defendant must also demonstrate that counsel's acts were not the result of trial strategy.[21]  While the Supreme Court recognized the *Cuyler* standard in its analysis, it determined that where a defendant fails to demonstrate that "counsel '*actively represented* conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance,'" prejudice would not be presumed and the *Strickland* two-prong standard

---

[17] *Cuyler*, 446 U.S. at 350, 348 (emphasis added); *see also Strickland*, 466 U.S. at 692.

[18] *See Mickens*, 535 U.S. at 176; *Montoya v. Lytle*, 53 Fed. Appx. 496, 498 (10th Cir. 2002).

[19] *Strickland*, 466 U.S. at 702.

[20] *Id.* at 691-92.

[21] *Id.* at 690.

applied.[22]

Even if the *Cuyler* standard applied to non-multiple representation cases, as discussed below, Petitioner has failed to prove an actual conflict of interest that adversely affected his trial counsel's performance. Accordingly, this Court finds that the *Strickland* test is the appropriate standard to apply to Petitioner's ineffective assistance of counsel claim.

Because the state courts correctly identified the governing legal rule, this Court must determine if the test was applied in an objectively reasonable manner.[23] A determination of ineffectiveness of counsel must be examined under a two-pronged test. First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness."[24] There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance that might be considered sound trial strategy.[25] Furthermore, counsel's performance must be considered from counsel's perspective at the time of the alleged error and in light of all the circumstances.[26] Second, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27] In addition, this court may only grant habeas relief under 28 U.S.C. § 2254(d)(1) if the state court's determination on the issue involved an unreasonable application of this test.

Because the Sumner County District Court decided the issue Petitioner submits in his federal

---

[22] *See id.* at 692 (emphasis added) (citing *Cuyler*, 446 U.S. at 350, 348).

[23] 28 U.S.C. § 2254(d); *Spears v. Mullin*, 343 F.3d 1215, 1248 (10th Cir. 2003).

[24] *Strickland*, 466 U.S. at 686.

[25] *Strickland*, 466 U.S. at 689.

[26] *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

[27] *Strickland*, 466 U.S. at 694.

habeas corpus petition and the Kansas Court of Appeals affirmed the district court's decision, this court may only grant relief under 28 U.S.C. § 2254(d)(1) if the state court's determination on the issue involved an unreasonable application of Supreme Court Precedent.[28] After an extensive review of the record, this Court concludes that the state court's resolution of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of *Strickland v. Washington*.

Petitioner asserts that trial counsel was ineffective because counsel : (1) failed to pursue Petitioner's defense as a result of a disciplinary complaint filed against trial counsel by the prosecutor and pending during trial; (2) failed to present exculpatory witnesses and evidence on behalf of Petitioner at trial; (3) presented evidence prejudicial to Petitioner's case; and (4) failed to adequately investigate the case.  The state court found that all of Petitioner's claims were unsupported by the evidence presented.

The state court first found, and the record indicates, that Mr. Watson called ten witnesses in Petitioner's defense in an attempt to prove that the victim not only consented to the sexual acts, but also that Petitioner did not coerce or threaten others to participate in the sexual acts with the victim. Mr. Watson actively cross-examined prosecution witnesses and directed questioning in an attempt to expose witness bias resulting from plea agreements with the prosecution.  The state court also found convincing, as does this Court, that Mr. Watson not only admitted into evidence a statement taken from one of the prosecution witnesses during one of the interviews in question, but he also used the statement to impeach the witnesses' testimony and referred to it in closing argument. Moreover, Mr. Watson testified that although he felt as if the pending disciplinary complaint had

---

[28] The court also notes that the state standard for determining ineffectiveness of counsel applied by the state parallels the federal standard as stated in *Strickland*.  *See Baker v. State*, 243 Kan. 1, 755 P.2d 493 (1988); *Chamberlain v. State*, 236 Kan. 650, 694 P.2d 468 (1985).

a chilling effect, he felt that he was right and knew that he could call the persons he interviewed and question them at trial. Mr. Watson further denied that he was unprepared for trial, and believed that he had adequate time to prepare for additional witnesses.

Petitioner also claims that Mr. Watson failed to call other witnesses interviewed due to the pending disciplinary complaint who could have offered testimony favorable to Petitioner. There is a strong presumption that a trial counsel's conduct falls within a wide range of reasonable professional assistance, and Petitioner must overcome the burden of showing that the challenged action might be sound trial strategy of trial counsel.[29] Petitioner has provided no evidence to demonstrate that Mr. Watson's decision to call some witnesses and not others was a result of the disciplinary complaint and not trial strategy. In fact, Mr. Watson attempted to call one witness, Jeff Gillilan, but that witness was not available for trial. The record indicates that Mr. Watson and Petitioner considered requesting a continuance to locate Mr. Gillilan, but Petitioner declined and chose instead to proceed with trial without the witness. Petitioner had the ability but failed to question Mr. Watson during the state habeas hearing to specifically determine that Mr. Watson failed to call other witnesses as a result of the disciplinary hearing and not because of trial strategy. Petitioner also failed to demonstrate that the testimony of any additional witnesses, as compared to the 18 witnesses that did testified, would have changed the result of the trial. Accordingly, this Court cannot find Mr. Watson's decision to call some witnesses and not others to be unreasonable under the circumstances.

This Court is also not convinced that Mr. Watson's pending disciplinary complaint filed by the prosecutor resulted in any adverse representation by Mr. Watson. While Mr. Watson testified

---

[29] *Strickland*, 466 U.S. at 689.

that the complaint may have cause him to be less aggressive, the record indicates that Mr. Watson actively examined witnesses and presented evidence in pursuing Petitioner's defense. Taking the above discussion into consideration, this Court finds that no actual conflict of interest existed that adversely affected the outcome of Petitioner's case.

The trial court concluded that while there were witnesses who refused to talk to trial counsel prior to trial, there was no evidence presented indicating there were any witnesses that should have been interviewed by Mr. Watson which were not interviewed or attempted to be interviewed. In addition, Mr. Watson received all discovery in which he was entitled on behalf of Petitioner. The state court further found that the evidence did not show any instance of any errors, material or otherwise, by Mr. Watson, and Petitioner demonstrated no evidence of prejudice on any of the grounds alleged. The Kansas Court of Appeals affirmed the trials courts conclusions. This Court concludes the state court's resolution of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of *Strickland v. Washington*.

IT IS THEREFORE ORDERED that Petitioner Clayton B. Swanner's Motion for Writ of Habeas Corpus be DENIED.

Dated this 26th day of November, 2008.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED   STATES   DISTRICT   JUDGE